UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALFREDO F. CIRIGLIANO,
on behalf of himself and the class

               Plaintiff,

    v.

UNITED RECOVERY SYSTEMS, LP;
SANTANDER CONSUMER USA, Inc.

               Defendant.
-----------------------------------------------------------X

CV 12-0585

SUMMONS ISSUED

**COMPLAINT- CLASS ACTION**
**JURY TRIAL DEMANDED**

MATSUMOTO, J.

POLLAK, M.J

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y
★ FEB - 6 2012 ★
BROOKLYN OFFICE

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by the defendants United Recovery System, LP ("URS") and Santander Consumer USA, Inc. ("Santander"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

3. The FDCPA requires a debt collector to provide a debtor with certain information concerning the debt allegedly owed. Among the information required to be provided is the name of the creditor to whom the debt is allegedly owed. 15 USC §1692g.

4. The reason for the requirement of naming the creditor is so that the consumer knows who the money is owed to and the consumer does not pay the wrong entity and still owes the debt even though he has paid it.

5. The Second Circuit Court of Appeals holds that communications are viewed from the perspective of the least sophisticated consumer.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

7. Venue and personal jurisdiction in this District are proper because:

    a. URS's collection communication which gives rise to this action was received by plaintiff within this District;

    b. Defendants do business within this District.

8. Plaintiff, Alfredo F. Cirigliano, is an individual who resides in Queens County, New York.

9. Plaintiff is a consumer as defined by the FDCPA.

10. Defendant, URS, is a Texas limited partnership with an address for service of c/o CT Corporation System at 111 Eighth Avenue in New York, NY 10011.

11. URS is a debt collector as defined in the FDCPA.

12. URS is licensed by the New York City Department of Consumer Affairs as a debt collection agency.

13. According to its website http://www.unitedrecoverysystems.com/, URS is a collection agency and is a member of the collection agency trade group ACA International.

14. Defendant, Santander Consumer USA, Inc is an Illinois business corporation with an address for service of c/o CT Corporation System at 111 Eighth Avenue in New York, NY 10011.

15. Upon information and belief, the account referenced in the letter which is **Exhibit A** to this complaint was purchased by Santander after the account was in default.

16. Santander has purchased over 100 accounts in the past year that were in default.

17. Santander is a debt collector as defined by the FDCPA.

18. Santander is liable for the actions of URS under a theory of vicarious liability. *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

## FACTS

19. On or about December 30th, 2011, plaintiff was sent the collection letter attached as Exhibit A, bearing defendant's name.

20. In sending Exhibit A, defendant sought to collect a debt incurred for personal, family or household purposes, namely fees emanating from a debt for a personal car loan.

21. The debt that URS was seeking to collect is a "debt" as defined by the FDCPA.

22. Exhibit A is a standard form document.

23. More than 200 examples of Exhibit A have been sent out during the last 12 months.

24. Exhibit A is sent out with the knowledge and consent of defendant.

25. Documents in the form represented by <u>Exhibit A</u> are regularly sent to collect delinquent debts.

26. The letter has a barcode, which is required by the United States Post Office for a discount on bulk mailings.

27. The letter has the logo of URS on the upper right hand portion of the letter.

28. A few lines below the URS logo the letter states in the information box "Creditor: Citi Financial Auto".

29. The body of the letter states "Santander Consumer USA Inc. recently purchased Your Citi Financial Auto Account and United Recovery Systems, LP, a debt collection company, is the servicer of this obligation."

30. Upon information and belief, at the point in time that the letter was sent, the creditor was not Citi Financial Auto.

31. Upon information and belief, the letter falsely, deceptively and/or misleadingly states in the information box "Creditor: Citi Financial Auto".

## VIOLATIONS ALLEGED

32. <u>Exhibit A</u> violates 15 U.S.C. §1692 §1692e and §1692g.

33. Section §1692e entitled False or Misleading Representations states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. Defendants violated the above portion of the FDCPA because the letter falsely stated that "Creditor: Citi Financial Auto".

35. Section §1692g provides:

§ 1692g. Validation of debts

**(a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
**(1)** the amount of the debt;
**(2)** <u>the name of the creditor to whom the debt is owed</u>;
**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36.  Defendants violated §1692g(a)(2) of the statute because <u>Exhibit A</u> did not clearly identify the creditor to whom the debt is owed.

## CLASS ALLEGATIONS

37.  Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

38.  The class consists of (a) all individuals (b) with a New York address (c) who were sent a letter in the form represented by <u>Exhibit A</u> (d) where the letter states in the information box on the upper right hand portion box of the letter that "Creditor: Citi Financial Auto" and (e) the body of the letter states "Santander Consumer USA Inc has recently purchased your Citi Financial Auto account....." (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

39. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

40. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

41. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

43. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.

    a. Members of the class are likely to be unaware of their rights;

    b. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

Dated: New York, New York
      February ___, 2012

By: _____
Shimshon Wexler (SW0770)
*Attorney for Plaintiff*
2710 Broadway, 2nd Floor
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexler@collectorabuselaw.com

### Notice of Assignment

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Shimshon Wexler

### Jury Trial Demanded

Plaintiff requests a jury trial on all issues so triable.

_____
Shimshon Wexler

# EXHIBIT A



5800 North Course Drive
Houston, Texas 77072

December 30, 2011

Address Service Requested

#BWNFTZF #URS81252081111128#

17257253
Alfredo F. Cirigliano
9025 215TH PL
QUEENS VLG NY 11428-1229

Date: December 30, 2011
Creditor: Citi Financial Auto
Account No.: XXXXXXXXXXXX1000
URS No: 17257253 - 1412
Amount Due as of December 30, 2011: $6,828.67
Telephone: 888-739-0745 ext 4987
Account Number Masked for Your Security

United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

## YOUR DELINQUENT ACCOUNT HAS BEEN REFERRED TO THIS OFFICE FOR COLLECTION!!!

Your Citi Financial Auto account has been placed in our office for collections. Santander Consumer USA Inc. recently purchased your Citi Financial Auto account and United Recovery Systems LP, a debt collection company, is the servicer of this obligation.

Please remit payment in full of any undisputed amount, payable to our client, in the enclosed envelope.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

We trust that your intention is to address this long overdue debt. Please call your account representative to make payment arrangements. If you wish to make payment arrangements, you can call our office 24 hours a day at 888-739-0745, Ext. 4987 so we can assist you in resolving this matter. As of the date of this letter you owe the amount stated above. Because your account may accrue interest, late charges and other charges that may vary from day to day, the amount due on the date you pay may be greater. If you pay the amount above an adjustment may be necessary after we receive your check. If so, we will contact you. For further information about your balance please call your account representative.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,

MRS W WHITE
888-739-0745, ext 4987
United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

If you write to us and ask us to stop communicating with you about this debt, we will, but if you owe this debt, you will still owe it and the debt may still be collected from you. If you have a complaint about the way we are collecting this debt, you may write to our Contact Center, 5800 North Course Drive, Houston, TX 77072 or call us toll-free at (800) 326-8040 between 9:00 A.M. CST and 5:00 P.M. CST Monday-Friday.

NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 1304511,1304544,1304533,1304515,1304538

5800 North Course Drive   Houston, Texas 77072

URS04005-1230-214567584271